UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/28/23
```

| | |
|---|---|
| ACE PICTURES, INC., | |
| Plaintiff, | |
| -against- | 1:22-cv-03709 (ALC) |
| TECH TIMES LLC, | **ORDER** |
| Defendants. | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff ACE Pictures, Inc. ("ACE" or "Plaintiff") brings this action for copyright infringement against Defendant Tech Times LLC ("Tech Times" or "Defendant"). After Plaintiff obtained a Certificate of Default from the Clerk of the Court, they made the instant motion for default judgment against Tech Times. For the following reasons, Plaintiff's motion for default judgment is **GRANTED**.

## BACKGROUND

### I. Factual Background

Plaintiff is a professional photographer by trade. Compl., ECF No. 1 ¶ 10. ACE holds valid copyrights for many of their photographs, including the photograph of actress Emma Stone that is the subject of this suit. *Id.* ¶¶ 12, 20; *see id.* Ex. 1 (the "Photograph").

Tech Times, a New York limited liability company, published the Photograph on its website, www.techtimes.com (the "Website"), which is monetized by paid advertisements. *Id.* ¶¶ 3, 6, 17. Ex. 2[1]. Plaintiff alleges that Tech Times volitionally selected, copied, stored and/or displayed the Photograph without the authorization or permission from ACE to do so. *Id.* ¶ 24.

### II. Procedural History

---
[1] Exhibit 2 to the Complaint is a screengrab of the Website which includes the Photograph at issue.

Plaintiff initiated this action on May 6, 2022, alleging that Tech Times infringed on their copyright by displaying the Photograph online, and seeking damages for violations of the Copyright Act, 17 U.S.C. §§ 106, 501et seq., as well as injunctive relief and attorney's fees. Compl. ¶¶ 46, 49-51; *id*. at 7-8 ("prayer for relief").

Plaintiff properly served the Defendant on May 10, 2022. ECF No. 7. Therefore, Defendant's answer was due on May 31, 2022. *Id*. On June 24, 2022, the Clerk of the Court entered a Certificate of Default to indicate that Tech Times had not filed an answer or otherwise moved with respect to Plaintiff's complaint. ECF No. 11. Having received a Certificate of Default from the Clerk of the Court, ACE moved for default judgment against Defendant on August 15, 2022. ECF Nos. 13-16. The Court then issued an Order to Show Cause directing Plaintiff to serve a copy of that Order on Defendant no later than October 19, 2022, and ordering Defendant to show cause in writing, by November 3, 2022, as to why an Order entering default judgment should not be issued, pursuant to Rule 55 of the Federal Rules of Civil Procedure. ECF No. 17 at 1, 2. Defendant was clearly warned that its failure to comply with the Order to Show Cause would result in a default judgment against it. Defendant failed to respond. On October 17, 2022, Plaintiff served the Order to Show cause and the papers upon which it was based on Defendant. *See* Certificate of Service, ECF No. 18.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court,

2

on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations. Fed. R. Civ. P. 8(b)(6) ("An allegation–other than the one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied.") However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit of Appeals has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Mickalis Pawn Shop*, 645 F.3d at 137 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). In making this determination, the court draws all reasonable inferences in the plaintiff's favor. *Au Bon Pain*, 653 F.2d at 65.

Additionally, "while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted).

## DISCUSSION

### I. Violation of the Copyright Act

The Copyright Act provides that "the owner of copyright under this title has the exclusive rights to … (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyright work to the public by sale or other transfer of ownership, or by rental, lease, or lending … [and] (5) in the case of … pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly… " 17 U.S.C. § 106; *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Section 501 of the Copyright Act entitles copyright owners to bring a cause of action against infringers. A claim of copyright infringement must allege, "(1) which specific original works are the subject of the claim; (2) plaintiff's ownership of the copyrights in those works; (3) proper registration of the copyrights; and (4) by what acts during what time the defendant infringed the copyright." *LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 507-08 (S.D.N.Y. 2015) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)) (internal quotation marks omitted).

In this case, the undisputed facts show that: Plaintiff owned the specific, original work that is the subject of their copyright claim, the Photograph taken on November 27, 2017, registered to ACE by the U.S. Copyright Office under registration number VA2-107-219. Compl. ¶ 20. Tech Times infringed on Plaintiff's copyright of the Photograph by publishing it on their website without licensing or otherwise obtaining Plaintiff's consent. *Id.* ¶ 24. These allegations satisfy Plaintiff's burden of proof on their Copyright Act claim. Taking all allegations as true, Plaintiff is entitled to default judgment as to liability.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for Default Judgment as to liability is **GRANTED**.

**SO ORDERED.**

Dated:   August 28, 2023
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**