USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/3/23

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ACE PICTURES, INC., | |
|                  **Plaintiff,** | 1:22-cv-03709 (ALC) |
| -against- | |
| TECH TIMES LLC, | **ORDER** |
|                  **Defendants.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff ACE Pictures, Inc. ("Plaintiff") brings this action for copyright infringement against Defendant Tech Times LLC ("Defendant"). The Clerk of the Court entered a Certificate of Default on June 24, 2022. ECF No. 11. Plaintiff moved for default judgment on August 15, 2022. ECF Nos. 13–16. The Court entered a default judgment in favor of Plaintiff as to liability on August 28, 2023. ECF No. 19. On that same day, the Court issued an Order to Show Cause as to why an order should not be entered pursuant to Federal Rule of Civil Procedure 55 granting Plaintiff's' requested damages. ECF No. 21.[1] Defendant was ordered to respond on or by September 8, 2023. *Id*. Defendant was also advised that failure to respond to the Order to Show Cause would be grounds for granting a default judgment in Plaintiff's favor. *Id*. To date, Defendant has not responded to the Order to Show Cause or otherwise participated in this action. For the following reasons, Plaintiff's request for damages is **GRANTED.**

---

[1] In that same order, Plaintiff was directed to serve a copy of the Order to Show Cause on Defendant no later than August 30, 2023 and file proof of service by August 31, 2023. ECF No. 21. Plaintiff failed to file the proof of service and the Court ordered Plaintiff to file such proof on or by September 18, 2023. ECF No. 22. On September 18, Plaintiff filed a certificate of service certifying the Order to Show Cause was served via certified mail on August 28, 2023. ECF No. 23.

**BACKGROUND**

I. **Factual Background**

The Court assumes the reader's familiarity with the facts and procedural history of this case, as recited in the Court's order granting default judgment as to liability. *See* ECF No. 19.

**LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations. Fed. R. Civ. P. 8(b)(6) ("An allegation–other than the one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied.") However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit of Appeals has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Mickalis Pawn Shop*, 645 F.3d at 137 (quoting *Finkel v. Romanowicz*, 577 F.3d

79, 84 (2d Cir. 2009)). In making this determination, the court draws all reasonable inferences in the plaintiff's favor. *Au Bon Pain*, 653 F.2d at 65.

Additionally, "while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)). An inquiry as to damages requires the district court to: (1) "determin[e] the proper rule for calculating damages on…[the] claim" and (2) "assess[] plaintiff's evidence supporting the damages to be determined under this rule." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155. Here, Plaintiff's submissions have not been contested.

## DISCUSSION

### I. Damages

The Court previously held that Plaintiff is entitled to default judgment as to liability for violation of the Copyright ACT. *See* ECF No. 19. Section 504(a) of the Copyright Act provides that a copyright owner is entitled to recover (1) "the actual damages and any additional profits of the

3

infringer" or (2) "statutory damages." 17 U.S.C. § 504(a). Plaintiff has elected statutory damages. ECF No. 15 at 5.

When a copyright owner elects to request statutory damages, the Copyright Act allows a minimum award of $750 and a maximum of $30,000. 17 U.S.C. § 504(c)(1). Courts have wide discretion within the range of damages. *Granite Music Corp. v. Center Street Smoke House, Inc.*, 786 F. Supp. 2d 716, 731 (W.D.N.Y. 2011). In cases of willful infringement, the Court has the discretion to increase the award up to $150,000 per work. 17 U.S.C. § 504(c)(2). However, damages under § 504(c)(1) do not depend on a finding of willfulness. *Granite Music Corp.*, 786 F. Supp 2d 716, 732. Rather, "courts have held that, in order to put such infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees." *Broadcast Music, Inc. v. R. Bar of Manhattan, Inc.*, 919 F. Supp. 656, 660 (S.D.N.Y. 1996) (citations omitted).

Here, Plaintiff seeks to recover $5,000 total, and declines to submit evidence of their actual losses in the form of licensing fee history. ECF No. 15 at 5. Typically, when calculating the amount of statutory damages to award for copyright infringement, "courts consider: (1) the infringer's state of mind; (2) the expenses saved and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods.*, 603 F.3d 135, 144 (2d Cir. 2010).

"In the default context, it is obviously incumbent upon the plaintiff to submit a record sufficient to support the amount of statutory damages that he is seeking," but "allowance must be made for the fact that the defendant's failure to appear limits that which plaintiff can show." *Seelie*

*v. Original Media Grp. LLC*, No. 19-CV-5643 (BMC), 2020 WL 136659 at *2 (E.D.N.Y. Jan. 13, 2020). Because of Defendant's default and because Plaintiff has "respectfully declined" to provide their licensing fee history or any other evidence that could aid the Court in considering these factors, it is difficult for the Court to reach a conclusion on an adequate damage award. *Id.* at *4 (The Court noted that plaintiff had made no effort to "ascertain the nature of [] defendant's business or its financial wherewithal to pay a substantial damage award"; examples would include a Bloomberg report on defendant, an indication of how many times defendant has violated copyright laws, photographs of defendant's business, etc.). However, the Court may consider the deterrent effect on the infringer and third parties in the calculation of a damage award. *See Bryant*, 603 F.3d 135, 144.

As to the first factor mentioned above, "copyright infringement is deemed willful by virtue of defendant's default." *Rovio Entertainment, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015). With respect to the second and third factors, Plaintiff has not provided any evidence. As in *Seelie*, the Court is inclined to infer that Plaintiff's licensing fee is "*de minimis*" and I am prevented from considering what multiplier of the licensing fee—a measure often used by district courts to determine a statutory award—would be appropriate in this case. *Seelie*, 2020 WL 136659 at *4. However, with respect to the fourth factor of deterrence, there is "undeniable value in assessing damage against defendants" to discourage defendants form repeating their infringing activity. *Alvarado v. India Abroad Publications Inc.*, No. 20-CV-04187 (JGK) (KHP), 2021 WL 2667034, at *4 (S.D.N.Y. June 7, 2021), report and recommendation adopted, No. 20 Civ. 4187 (JGK), 2021 WL 2665737 (S.D.N.Y. June 29, 2021). Therefore, because Plaintiff's damages request is not unreasonably high, this factor weighs in favor of Plaintiff's request.  The fifth and sixth factors are mostly irrelevant here because Defendant has defaulted.

5

The Court concludes that Plaintiff is entitled to recover statutory damages in the amount of $5,000.

II. **Attorney's Fees**

The Copyright Act provides that the prevailing party may recover its full costs and attorney's fees. 17 U.S.C. § 505. Therefore, Plaintiff is entitled to recover their reasonable costs and attorney's fees incurred in connection with pursuing this action, as calculated in the statement of fees. ECF No. 14 at 4.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for damages is **GRANTED**. The Court hereby enters judgment in favor of Plaintiff in the amount of $5,000 in statutory damages, $960 in attorneys' fees, and $440 in costs, for a total monetary award of $6,400.

**SO ORDERED.**

Dated: **October 3, 2023**
       **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**